HARDY, Judge.
This is an action for the recovery of damages to the person and property of plaintiff, Frank D. Lovitt, resulting from an automobile accident allegedly caused by the negligence of the defendant, Lewis R. Coker, with whom is joined as defendant Southern Farm Bureau Casualty Insurance Company, his liability insurer. From a judgment in favor of defendants rejecting his demands, plaintiff has appealed.
The accident which gives rise to this suit occurred at or about 7:00 p. m. on June 12, 1956, on Louisiana Highway 162 in Bossier Parish, when a small Austin automobile, of English manufacture, driven by plaintiff, was struck by a pick-up truck driven by the defendant, Coker. Plaintiff, who had been driving east on the highway, made a sharp left-hand turn for the purpose of entering the private driveway to his home, located on the north side of the highway, and his car was struck by a pick-up truck driven by Coker, which *620 was also moving east on the highway, and was engaged in an attempt to pass plaintiff’s car.
Plaintiff alleged that the defendant, Coker, was driving at an excessive rate of speed, estimated at approximately seventy-five miles per hour, in the left-hand lane of the highway, and that the collision was caused solely by the negligence of the said Coker in numerous specified particulars. Defendant’s answer, after denying the material allegations of plaintiff’s petition, asserted the negligence of plaintiff as being the sole and proximate cause of the collision, and, alternatively, charged contributory negligence by plaintiff.
The trial judge, in a written opinion, concluded that the accident resulted from the concurrent negligence of both Lovitt and Coker.
For the purpose of this opinion, we think it only necessary to examine the issue of plaintiff’s contributory negligence. According to the testimony of plaintiff himself, upon approaching a point on the highway near the intersection of his private driveway, he made observation to the rear and found the highway clear of traffic, whereupon he gave a signal of his intention to make a left turn, which he began at a point approximately opposite the driveway to his home and was struck by the Coker truck after he had cleared the highway and actually brought his car to a stop in his private driveway. Considering these points in order, it is abundantly clear:
(1). That plaintiff is either in error about making observation for traffic approaching from the rear, or that he failed to see that which could and should have been seen. There was no obstruction to plaintiff’s vision to the rear for a distance of some one thousand feet, more or less, and if he had made proper observation he could certainly have ascertained the approach of the Coker truck.
(2). As to the signal which was given for the purpose of indicating a left-hand turn, plaintiff testified that he relied upon an unusual signaling device, which is hereinafter described, and he was further under the impression that a blinker tail-light indicated his intention of turning to the left. One of plaintiff’s witnesses testified positively that he observed the left tail-light blinking before plaintiff began his turn. It is conclusively established that both plaintiff and his witness were in error as to the existence of any blinker tail-light, for an affidavit by the owner of the Austin automobile, which plaintiff was driving at the time of the accident, admitted by stipulation of counsel in lieu of his testimony, specifically describes the lighting equipment, and from this affidavit we quote the following pertinent recitals:
“On the rear of each back fender of said automobile, there was an ordinary red light. These lights could be turned on by a switch located on the dashboard of the automobile. These lights would also come on or shine when the brakes on said automobile were applied. These lights were not connected to or operated by any device which would cause one or the other of them to blink on and off to indicate a turn contemplated by the driver of the automobile.”
* ifc $S ifc jfc
“The automobile was equipped with a device located on the post of the automobile immediately behind the driver’s left shoulder, which device consisted of an arm approximately six inches .long. This device contained a light bulb which was covered by an amber colored plastic material. In normal position the device pointed straight down and lay against the side of the automobile. Upon contemplating a left hand turn, the driver of the automobile could raise the device from the lowered position to a position running at right angles to the side of the car.”
It is evident that the signaling device with which the car was equipped did not *621 comply with the requirements of LSA-R.S. 32:299. The conclusion inevitably follows that plaintiff was guilty of negligence in failing to give a proper signal of his intention to make a left-hand turn.
(3). We think the weight of the evidence preponderates against plaintiff’s contention that he had brought his car to a stop prior to the impact.
In any event, there can be no question as to plaintiff’s negligence, first, in failing to see the approach of the Coker truck, and, second, in failing to give an approved ■signal of his intention to make a left-hand turn.
Even if the negligence of Coker in driving at an excessive rate of speed and failing to give a horn signal of his intention to pass plaintiff’s car be conceded, it is, nonetheless, obvious that plaintiff’s acts of negligence, as above related, materially contributed to the accident, and it follows that he is barred from recovery.
The judgment appealed from is affirmed at appellant’s cost.